**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHIRAZ NASIRI,**

       **Plaintiff,**              **Case No.:**

**v.**

**DIVURGENT, LLC.,**

       **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, SHIRAZ NASIRI, by and through his undersigned counsel and sues the Defendant, DIVURGENT, LLC (hereinafter referred to as "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, SHIRAZ NASIRI, is a resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant under 42 U.S.C. §1981.

4. Defendant, DIVURGENT, LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District. Defendant employed Plaintiff, SHIRAZ NASIRI.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Muslim-American of Pakistani and English descent and considered a member of the Asian race.

10. On or about March 4, 2013, Plaintiff accepted a full-time Activation Consultant position with Defendant and began his employment shortly thereafter. At the commencement of Plaintiff's employment with Defendant, the parties executed a binding Offer Letter and Appendix outlining the terms and conditions of Plaintiff's employment, along with the obligations of both parties. (Exhibit 1).

11. In or around June 2016, Plaintiff made a formal complaint to Defendant's Team Resources regarding Tom Vasko (Vice President, Activation & Implementation). Specifically,

Plaintiff noted his concern that Vasko's negative and disparate treatment was related to his race, religion, and/or national origin.

12. As a result of Plaintiff's complaint, Defendant instructed Vasko that he was no longer permitted to contact Plaintiff and had to go through a third party to communicate with Plaintiff.

13. Vasko disregarded this directive and was ultimately able to use his managerial position to discriminate and retaliate against Plaintiff.

14. Until the end of his employment with Defendant, Plaintiff continued to notify Team Resources of Vasko's harassing behavior and the hostile work environment that Vasko created.

15. On or about February 8, 2018, Plaintiff travelled to Brooklyn, New York to commence a project with Mount Sinai Health System.

16. On or about February 11, 2018, Plaintiff started working as the Night Shift Project Manager.

17. On or about February 12, 2018, Vasko instructed Plaintiff to leave and return to the Tampa, Florida area. Vasko wrongfully alleged that Plaintiff was sleeping at work.

18. Later that day (February 12, 2018), Plaintiff was terminated from his position with Defendant. Plaintiff was notified of his termination by Wendy Kadner (Vice President of Team Resources) and Tonya Taylor (Team Resources).

19. Plaintiff was terminated despite the fact that a witness, Angela Fearmonti, contacted Kadner's office and informed Kadner that the allegation that Plaintiff was sleeping on the job was patently false and fabricated by Vasko.

20. Vasko's employment was subsequently terminated by Defendant.

21. In or around March 2018, Kadner contacted Plaintiff, explained that she spoke with Fearmonti, and told Plaintiff that Defendant would consider rehiring him if he found a position with Defendant fitting his experience.

22. Plaintiff inquired about being reinstated to his job, but was told that the position was no longer available. Plaintiff was replaced by an individual outside of his protected class.

23. Based on information and belief, emails and other documents illustrate the unlawful nature of Plaintiff's termination as well as the fact that Vasko was "out to get" Plaintiff.

24. In Paragraph 9 of the Appendix to Defendant's Offer Letter to Plaintiff, Defendant agreed to provide Plaintiff with two weeks' notice, or pay in lieu of notice, if Defendant initiated termination. Defendant did neither and breached its agreement with Plaintiff. Moreover, Plaintiff's termination letter from Defendant specifically referenced the obligations contained within the original Offer Letter and Appendix; yet, Defendant failed to comply with its contractual requirements.

## COUNT I
## 42 U.S.C. §1981 DISCRIMINATION

25. Plaintiff, SHIRAZ NASIRI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

26. Plaintiff is a Muslim of Pakistani and English descent and considered as a member of the Asian race.

27. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race—including, but not limited

to his ancestry and ethnic characteristics—by terminating Plaintiff in violation of 42 U.S.C. §1981 for which Defendant is liable.

28. Defendant's adverse employment acts toward Plaintiff (termination) was motivated by race-based considerations.

29. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

30. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

31. Defendant knew or should have known of the discrimination.

32. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering,

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief;

h. For any other relief this Court deems just and equitable.

## COUNT II
### 42 U.S.C. §1981 DISCRIMINATION

33. Plaintiff, SHIRAZ NASIRI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

34. Plaintiff is a Muslim of Pakistani and English descent and considered as a member of the Asian race.

35. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race—including, but not limited to his ancestry and ethnic characteristics—by failing to hire Plaintiff in violation of 42 U.S.C. §1981 for which Defendant is liable.

36. Defendant's adverse employment acts toward Plaintiff (failure to hire) was motivated by race-based considerations.

37. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

38. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

39. Defendant knew or should have known of the discrimination.

40. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering,

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief;

      h.      For any other relief this Court deems just and equitable.

## COUNT III
## 42 U.S.C. §1981 – RETALIATION

41.      Plaintiff, SHIRAZ NASIRI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

42.      Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination based on his race and was terminated by Defendant.

43.      The aforementioned actions by Defendant constitute retaliation by Defendant in violation of 42 U.S.C. §1981.

44.      Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

45.      Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

46.      As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## BREACH OF CONTRACT

47. Plaintiff, SHIRAZ NASIRI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-four (24).

48. On or about March 4, 2013, the parties entered into the contractual agreement outlined in the Offer Letter and Appendix (Attached as Exhibit 1) prepared by a representative of Defendant.

49. Plaintiff performed all of the conditions and obligations under the Offer Letter and Appendix.

50. Defendant failed in its contractual duties to perform its obligations under the contract. Specifically, the Defendant breached Paragraph 9 of the Appendix to the Offer Letter.

51. The actions of Defendant constitute a breach of the Offer Letter and Appendix between the parties.

52. As a direct and proximate result of the Defendant's breach of the agreement, Plaintiff has sustained (and continues to sustain) damages, including but not limited to the loss of wages and entitlements under the agreement and consequential damages.

53. As a result of the breach of the Offer Letter and Appendix by Defendant, Plaintiff, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

54. Plaintiff is entitled to attorneys' fees and costs pursuant to Chapter 448.08, *Florida Statutes*.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for:

(a) Damages arising from the breaches;

(b) Prejudgment and post-judgment interest;

(c) Attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and

(d) Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

55. Plaintiff, SHIRAZ NASIRI, demands a trial by jury on all issues so triable.

**DATED** this 28th day of April 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*